HOOD, Judge.
George F. Barbier instituted this action against Louisiana Department of Public Safety, License Control and Driver Improvement Division, for the judicial review of an order of that department suspending his driving privileges. He appeals from a judgment of the trial court dismissing his suit.
The issue presented is whether the Department of Public Safety complied with 'the provisions of LSA-R.S. 32:661 — 669 in suspending plaintiff’s driver’s license.
Trooper Darrell F. Fontenot, of the Louisiana State Police, observed plaintiff’s automobile weaving on the highway at 11:56 P.M. on March 14, 1974. He called the “P.E.I.” van, and then he stopped plaintiff and asked him to get out of the car. Fontenot noted that Barbier was unsteady on his feet, and that he had a strong odor of alcohol about him. The P. E.I. van arrived shortly thereafter.
Fontenot testified that when the van arrived, he informed Barbier of his constitutional rights and he asked him to take a chemical test designed to determine whether he was intoxicated. He stated that Bar-bier refused to take the test, explaining that he had just catered a party in a nearby motel, that he had been drinking at the party, and that taking such a test would in *398 criminate him. Fontenot said that he advised Barbier that his refusal to submit to such a test would result in the revocation of his driving privileges, but that Barbier again refused to . submit to the chemical test. Fontenot then presented Barbier with documents which recited that he had been informed of the consequences of his refusal to take the chemical test, and that he nevertheless was unwilling to submit to such a test, but plaintiff refused to sign those documents. Fontenot then arrested Barbier and took him to the parish jail.
Barbier testified that Fontenot did not inform him that his refusal to take the test would result in a revocation of his driver’s license until after he had been arrested and was being transported to the sheriff’s office. Fie stated that when Fontenot advised him of that fact, he asked Fontenot to turn around and take him back to the van in order that he could take the test. Fontenot denies that Barbier made any such request.
Following plaintiff’s arrest, Fontenot submitted a sworn report to the Department of Public Safety of the facts, and the department thereupon suspended plaintiff’s driving privilege. Plaintiff requested a hearing pursuant to LSA-R.S. 32:667 for the purpose of reviewing the determination that he had refused to submit to a breath-lyzer test. A hearing was held and on March 27, 197S, the Department of Public Safety rendered a decision affirming the suspension of his driving privilege. Plaintiff thereupon instituted this action.
The sole ground alleged by plaintiff for his demand that the decision of the department be reversed is that “the hearing officer erred in concluding that petitioner knowingly and intelligently refused to submit to chemical analysis to determine the presence and amount of alcohol he had consumed.”
The only witnesses who testified at the trial were Trooper Fontenot and Barbier. Their respective statements are in hopeless conflict. The trial judge accepted the testimony of Fontenot and concluded that Barbier had been asked to submit to the chemical test, that he had been properly informed of the consequences of his refusal to take it, and that he had refused to sign a form advising him of the consequences of his refusal. Judgment thus was rendered by the trial court dismissing plaintiff’s suit.
We cannot say that the trial judge erred in accepting Fontenot’s statements. The evidence supports the conclusion reached by the trial court that plaintiff was fully informed of the consequences of his refusal to take the chemical test, and that he also refused to sign a form which was presented to him advising him of the consequences of his refusal. The provisions of LSA-R.S. 32:661 thus were complied with insofar as those requirements are concerned.
Plaintiff argues on this appeal, however, that Fontenot also failed to comply with LSA-R.S. 32:661(C) in that he did not submit to plaintiff a standard form advising him of his constitutional rights, and he did not properly “certify” that plaintiff had been informed of his constitutional rights.
Plaintiff did not allege, and he does not contend now, that the Trooper failed to advise him of his constitutional rights. On the contrary, he testified at the trial that to the best of his recollection, Trooper Fontenot did “read me some rights” immediately after his car had been stopped and while the P.E.I. van was there. Fontenot testified that he advised plaintiff of his constitutional rights. Fie stated in his “report of arrest” that Barbier was “advised of rights,” and several months later, on January 14, 1975, Fontenot signed an affidavit to the effect that plaintiff was given his rights under provisions of the constitution of the United States and of the State of Louisiana, and that he had refused to sign a statement acknowledging that he had been advised of those rights. Consid *399 ering these facts, together with the fact that plaintiff did not allege that he had not been informed of his rights, convinces us that there is no merit to that argument.
Plaintiff contends, finally, that Trooper Fontenot did not “swear” to the report which he submitted to the Department of Public Safety as required by LSA-R.S. 32 :<567.
The evidence shows that Trooper Fon-tenot submitted an affidavit which he signed before Charles W. Richard, a notary public, setting out the above facts. We find no merit to the argument that he was not properly sworn.
Our conclusion is that there is no error in the judgment rendered by the trial court.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.